3-10-0336 People of the State of Illinois S.O.A.T. by Lauren Michael v. Linda Hollins Appellant by Brian Collett Mr. Collett, you may proceed Thank you May it please the court Good morning, your honors Counsel, my name is Brian Collett I represent Ms. Hollins in this case The issue in this case is whether Ms. Hollins' guilty plea was voluntary or it was based on plea counsel's misrepresentation that she could obtain day-for-day good conduct credit after she pled guilty even though she was statutorily required to serve 75% of her sentence Actually Ms. Hollins agreed to plead guilty to the offense of drug-induced homicide in exchange for the dismissal of other charges and a 15-year sentencing cap At her guilty plea hearing the parties requested clarification as to whether Ms. Hollins would be required to serve 75% or 50% of her sentence The court found that it was not required to admonish Ms. Hollins of the potential good conduct credit The court accepted the guilty plea and Ms. Hollins was sentenced to a 13-year term of imprisonment. The circuit court ordered that she serve 75% of that sentence in accordance with the code of corrections Ms. Hollins filed a motion to withdraw a guilty plea alleging that her plea was not voluntary as a result of plea counsel's ineffectiveness At the hearing on the motion Ms. Hollins testified that plea counsel, attorney Mark Rose said she would be eligible to serve 75% of her sentence but that she could come back after the plea and obtain a ruling allowing for day-for-day good conduct credit She said that but for the possibility of obtaining day-for-day credit she would not have entered her guilty plea Didn't she also say her first plea had nothing to do with good conduct? The judge admonished her that the plea had nothing to do with good conduct credit She testified that she testified that attorney Rose told her that it was either going to be 75% or 50% depending on what the circuit court said She understood in the admonishments it had nothing to do with good time for the plea she said But she was told by her attorney that she could come back after the plea and request a beneficial change to that good conduct credit Attorney Rose testified that it was hopeful that Ms. Hollins would only have to serve 50% of her sentence as I was stating but that there was a risk she would have to serve 75% of that sentence Rose said that the circuit court would decide the issue and that it could be addressed on appeal The circuit court stated that at worst Rose misadvised Ms. Hollins that she could come back and request that her good conduct credit be changed from 75% to 50% and it denied the motion to withdraw the plea Then the Hollins guilty plea was not voluntary where plea counsel told her that she could obtain this day-for-day good conduct credit after she pled guilty In this case, whether the guilty plea was voluntary depends on whether Ms. Hollins received the effective assistance of counsel An effective assistance claim, of course, is guided by the two-pronged Strickland analysis of whether plea counsel's performance was deficient and whether this deficient performance prejudiced Ms. Hollins Initially, counsel's performance was deficient Ms. Hollins was statutorily required to serve 75% of her sentence without exception Nevertheless, counsel affirmatively misinformed her that she could obtain day-for-day good conduct credit after she pled guilty Ms. Hollins could never obtain day-for-day credit She was required to serve 75% of her sentence and any advice indicating that she could obtain day-for-day credit after she pled guilty was deficient You cite the case of Correa What does that stand for? Correa stands for that if plea counsel affirmatively misinforms the client about a collateral consequence of the plea agreement then the plea and the client relies on this misinformation, then the plea is involuntary and the client should be allowed to withdraw it That's the Illinois Supreme Court case and then we have the Illinois Supreme Court case of Risley, right? That's correct, Your Honor Are those in conflict? No, they're not, Your Honor Risley, the difference between the two cases is in Risley it's only a mere allegation that she would not have pled guilty It's based on the prejudice settlement In Correa, it was whether the guilty plea was voluntary based on the ineffective assistance of counsel where counsel, I believe told her that she could get parole earlier Pretty much just this case, right? It's pretty right on point But Risley says you have to have some prejudice Well, in Risley Correa is just a butt fork and you win That's all she has to say But as noted in Ms. Holland's reply brief, Risley is distinguishable because in Risley he never testified he never stated that he would not have pled guilty but for counsel's deficient performance That was merely an allegation made by appellate counsel on appeal There was no testimony as to that fact It was a post-conviction case and it was never pled in this post-conviction petition that he would not have pled guilty but for counsel's deficient performance Here we have Ms. Holland on the stand subject to cross-examination under oath and her testimony is unrebutted and there's no contrary finding of credibility against her indicating that she would not have pled guilty if she would have known that she could not come back in and request his 50% Didn't she, though, testify that defense counsel told her the statute was 75% and that he didn't promise she could get day-for-day credit? That is accurate, Your Honor Really, it doesn't make a difference He told her it could be 75%, it could be 50% The statute says 75% But even if the statute says 75% you can come in and request 50% after your guilty plea Simply say it She can't. She can't come in and request after her guilty plea that it be subsequently reduced There's just no 50% available No, correct, Your Honor Absolutely When she pled guilty didn't she say that she was not pleading it had nothing to do with whether or not she'd get any good time credit that it had nothing to do with her plea That was an admonishment by the circuit court judge The circuit court said your plea has nothing to do with good conduct credit and after it declined to give a ruling on whether she would have to serve 75% or 50% the judge told her your plea has nothing to do with this good conduct credit which it doesn't but her counsel told her that even if she pled, her plea has nothing to do with the good conduct credit. She'd come in after that plea and request that that conduct credit be beneficially reduced  No, I think it's Priya, Your Honor It's whether her guilty plea is voluntary Whether her plea is voluntary She has the right to either plead guilty or go to trial and if she pleads guilty, her guilty plea has to be voluntary Here, her plea is not voluntary because it's based on this misrepresentation by counsel that she come in and request this 50% In Risley there was no indication other than the mere allegation by appellate counsel that Risley would have pled guilty but for the deficient performance Here, you have her testifying on the stand that she would not have pled guilty It's just not the same as Risley So you don't have to show prejudice Yeah, I thought you were talking about strickling people out loud You do have to show prejudice but the prejudice is whether she would not have pled guilty and she testified It's not like she has a viable defense or claim of innocence No, your honor That's based on Hill That was not the holding of Hill The Hill holding is whether there was a reasonable probability that she would not have pled guilty The result of the proceeding would have been different and then it cited specific examples on what you would look at One of those examples was whether the defendant alleged that the attorney did not adequately investigate the case So they said in that instance one of the things the court would consider is whether the criminal defendant could have had a chance at trial This isn't a question of whether the attorney failed to investigate or not Here, the attorney affirmatively misrepresented that she could come back in and request this 50% There's not really any challenge as to whether he actually told her that Well, we've got incompetence of counsel to do that We're talking about the second one Yes, your honor, and the question is whether she would have pled guilty or not She's basing her plea on this affirmative misrepresentation Counsel says, okay, it could be 75% or it could be 50% Even if it's 75%, you can come back in and request 50% So she said, well, okay Based on that, I'll go ahead and plead guilty then She finds out that she cannot come back and request that 50% because she can never get it There's no exceptions on the statute It's reasonably clear She can't get it She said that's the only reason she pled guilty That's the reason why she pled guilty That's the reason why she took the plea 15 years and the dismissal of three counts That's part of the deal, right? She testified that the reason she would not have pled guilty but for counsel's affirmative misrepresentation So the cap or the dismissal of the other two counts that didn't have any part in her decision Her testimony on the stand that was unrebutted and there was no contrary credibility finding against her was that but for the counsel's misrepresentation she would not have pled guilty But she testifies that at the sentencing hearing that the judge asked her do you understand that the partial plea agreement has nothing to do with good time and she says yes then he asks again in other words at this point in time you're pleading guilty under the partial plea agreement that we already talked about that they had discussed that it was 75% and she says yes She understands that I mean I guess you're saying that she only pled guilty because she thought she could come in and ask for something that even if it was true that there was no guarantee and she says no I'm not pleading guilty because of any good time credit I understand that my plea agreement doesn't have anything to do with that and she answers yes that she still wants to plead guilty At that point it's still contentious That's during the guilty plea hearing At that point it's still contentious as to whether she's going to get 75% or whether 50% The state argued that she should get 75% and the defense counsel argued that it should be 50% His belief was that it should have been 50% They asked the circuit court for some sort of ruling some sort of guidance on the issue The circuit court declined to give them any guidance on the issue So this is the reason why she's pleading guilty She thinks it's either going to be 50% or 75% She doesn't necessarily know which and the judge is saying this plea doesn't have anything to do with whether it's going to be 50% or 75% But she still has this advice from counsel that regardless of whether it's going to be 50% or 75% based on your plea you can come back in and request that it be lowered So that's the distinction here Your Honor Her plea could have been based on counsel telling her that the statute says 75% but you can always come back and request 50% That's what her plea is based on So it's based on this fact that she can actually come back and request a drop in her good conduct credit That's what her plea is based on Your Honor There are no further questions from the court? Maybe I misunderstood the good conduct credit but he determines that That's determined by the code of corrections Okay So the judge doesn't determine that That's correct Your Honor The statute really applies to the department of corrections doesn't it? Absolutely Yes And that's the issue here She can never request that it be changed It's governed by the code of corrections Clear So it's a question of whether counsel told her misrepresented that she'd come back and request it She can never get it She can never Your Honor For the foregoing reasons and for the reasons stated in our opening briefs on appeal, Ms. Hollins respectfully requests that this honorable court reverse the circuit court's decision denying her motion to withdraw a guilty plea Thank you  Mr. Michael you may respond May it please the court Counsel, Laura DeMichael on behalf of the people The trial judge acted within his discretion in denying defendant's motion to withdraw her guilty plea as defendant's guilty plea was voluntary Defense counsel did not misadvise defendant and defendant has also not shown prejudice Defendant was charged with drug induced homicide facing a sentencing range of from 6 to 30 years imprisonment. Defendant admitted that she provided the drugs that caused Megan Jones' death and she was basically facing an unwinnable trial. As part of her partially negotiated plea, the people agreed to a sentencing cap of 15 years so the possible max would be cut from 30 in half and the terms of the plea agreement did not include any promises about good time and they couldn't have because the Department of Corrections is the one that determines good time anyway Well there's also dismissal of two other counts Yes, there was also the dismissal of the two other counts She got the cap cut in half and also dismissal of two counts Facing 30 years without the plea, having admitted guilt and 15 years with the cap, defendant pled guilty and at the time the plea was entered, defendant stated on the record that she understood the plea agreement had nothing to do with good time and she stated that no promises had been made other than the sentencing cap and the dismissal of those two other counts With good conduct credit expressly excluded from the plea defendant pled guilty and her plea was voluntary Counsel did not misinform defendant Defendant knew she could get 75 percent at the time of the plea At the hearing on the motion to withdraw her guilty plea defendant testified that her attorney Mark Rose told her that the statute says 75 percent and she testified that Rose never promised she would get 50 percent Rose testified that he had told defendant that they had no control over the credit issue and that the sentence would be what it would be as to time served But didn't he tell her that the trial court would reconsider or review it after the guilty plea He didn't say the trial court would reconsider. He did say she could appeal The trial judge found that at worst she was told she could appeal but she could appeal The negotiator You're saying that counsel never informed her that after she pled guilty she could apply in the trial court for the trial judge to give her 50 percent I believe he said she could come back and ask for it later but that could mean she could come back He said it would be an appellate issue so by come back and ask for it he meant she could ask the appellate court. He said that Can she? She can So isn't that misinformation? You're saying defense counsel didn't give her misinformation Defense counsel told her she could appeal. She could appeal He told her she could appeal the credit issue and she could appeal the credit issue This is because How could she appeal the credit issue? The negotiated plea is not a bar to an appealability of a truth in sentencing issue. It's not a bar to an appealability of a credit issue In general, a sentence can't be challenged on appeal as excessive That means if she wanted to say I shouldn't have gotten 13 that would be barred by the negotiated plea but saying these truth in sentencing provisions are unconstitutional or shouldn't apply to me the way that they do she could ask for that in appeal Truth in sentencing provisions have been challenged on appeal before. There's the Reedy case cited in the People's Brief in which the truth in sentencing provision was challenged on appeal and it was successful The excessiveness challenge is different than the credit challenge because the credit whether 50% or 75% applies is not something that's negotiated over in the plea. That's why it's different from the excessiveness issue Tell me about the Reedy case The Reedy case was a single subject challenge to the truth in sentencing statute. It's been repassed since then but the people contend that just because appellate counsel has chosen not to raise any arguments on appeal as to the truth in sentencing statute that doesn't mean that no argument could have been made on appeal. Just because case law is against a defendant on an issue doesn't mean that defendant can't appeal and argue for a change in the law Defendants can make creative arguments for changes in the law and these arguments can succeed for example in Whitfield v. Miranda and specific to the present case drug induced homicide had been added to the truth in sentencing statute recently so even if other challenges involving other offenses had been found meritless previously there could still be challenges specifically to drug induced homicide's new place in this new 75% category Regarding the preservation of the issue raised in defendant's reply brief defendant preserves the issue for review by filing a motion to withdraw her guilty plea that's under 605C 604D doesn't apply because she's not challenging the excessiveness and defendant did preserve the issue for review she did file a motion to reconsider her sentence or any alternative to withdraw her guilty plea furthermore defendant needs to show both misadvice and prejudice and she has not shown that she would have insisted on going to trial but for any misadvice and the trial judge found that the plea of guilty ought not to be withdrawn based on the evidence presented so that even if there was misadvice it wasn't it wasn't prejudicial defendant knew she could get 75% when she entered her plea. Counsel told her she could get 75% and that the statute told her 75% statute said 75% and the trial judge made clear the guilty plea had nothing to do with good time and knowing all this defendant pleads guilty anyway, the situation is like the Risley case in Risley there was a bare allegation that but for mistaken advice a defendant would have insisted on going to trial and that was insufficient to establish prejudice Risley is not distinguishable. The same claim that was made there is being made here and it doesn't make a difference. Do you distinguish Korea from Risley the same when you're opposing counsel there? I believe that Risley just flushes out the prejudice wrong in Korea so Korea had a prejudice wrong? I believe that Korea stated that if there is an affirmative misrepresentation plus prejudice the plea was involuntary plus prejudice I haven't reviewed Korea recently to be honest but I believe that the prejudice prong is in there in any case under Strickland which defendant has relied on and the trial judge was applying Strickland which does include the prejudice prong the point of Risley is that there is no reason to believe a defendant would have insisted on trial unless the defendant articulates a plausible defense or claims innocence and here defendant does not claim innocence or articulate a plausible defense. She fully admits that she committed the offense and with the facts that she was facing up to 30 years without the plea basically unwinnable trial because she admitted her guilt. But if the plea is withdrawn, everybody starts over. The charges that were dismissed, the state has an opportunity to reinstate so worse the harm here. You seem to focus on the fact that she had these charges dismissed. Well they're reinstated if the plea is withdrawn They would be reinstated if the plea is withdrawn and she would be facing up to 30 years if the plea was withdrawn. But the question here is was the plea that we do have voluntary and if she received misinformation it may be found to be involuntary. Your position is there's no misinformation provided? No misinformation as well as that she hasn't shown prejudice. So the people argue neither prong of Strickland has been met in this case. So both are needed in order for the plea to be involuntary. And here neither prong has been shown. Um The trial judge found that defendant was- Well I think it was your statement that was saying that it's unwinnable because she pled guilty. That's kind of got the cart before the horse. Oh no. What I was relying on for that was defense counsel when he testified at the motion to withdraw guilty plea. He explained the facts that they were facing and defense counsel had advised defendant that she was basically facing an unwinnable trial. So that that phrase came from defense counsel's advice to defendant. And in light of the fact that there are many admissions that she committed the offense that are in the record as well it's pretty clear that she would defense counsel's advice on that point was not not ineffective and it hasn't been challenged as ineffective either on appeal. The trial judge found that the defendant was appropriately advised- You're talking about admissions prior to the plea phase. Counsel counsel would have known that. So I believe yes because counsel advised her prior to the plea. So if counsel's telling her prior to her entering the plea that she's facing an unwinnable trial she must have told him the facts of the situation at that point before the plea. The trial judge here found that defendant was appropriately advised. The trial judge found she decided to plead guilty in any event and the trial judge found the plea of guilty ought not to be withdrawn based on the evidence presented. This ruling was not under use of discretion and should be reviewed. Any questions? No, I don't believe there are. Thank you. Thank you, Your Honor. Mr. Kohut, you may reply. Thank you, Your Honor. Your trial counsel told Ms. Hollins that she could come back after her guilty plea and obtain day-for-day good conduct credit. She could not. Defendant, Ms. Hollins testified that but for counsel's affirmative misrepresentation that she could come back after this guilty plea and request day-for-day good conduct credit she would not have pled guilty. And if there are no further questions, Your Honor? We have a question. In her motion to withdraw her guilty plea, did she set forth any claim of innocence or defense of plausible defense? There was none sent forth in her motion to withdraw guilty plea. I haven't read the record. Sorry. Does it ask your opposing counsel represents that she was just advised she could appeal it or she could walk back into the trial court and have the trial judge look at the issue of good time credit? The circuit court found at the end of the proceeding Ms. Hollins testified and Attorney Rose testified. The circuit court found at the end of the proceeding that at worst Mr. Rose told Ms. Hollins that she could come back and obtain day-for-day good conduct credit. He didn't specify whether it was on appeal or whether it was before the circuit court. Ms. Hollins testified that just as the circuit court found that she could come back he told her that she could come back and obtain day-for-day good conduct credit Attorney Rose testified that he said the trial court would decide and then it would be an appeal issue. And I thank your honors. Thank you counsel. Thank you both counsel for your arguments in this matter this morning. It will be taken under advisement.